GILLESPIE, Chief Justice.
This is an appeal from a final judgment of the Circuit Court of Chickasaw Comity forfeiting a bail bond. The judgment was in favor of the State against the principals and Resolute Insurance Company and Dan Rowzee as sureties on a bail bond in a criminal proceeding.
At the October, 1971 term of court judgment nisi was entered against the principals and sureties and a scire facias was ordered to be issued returnable at the next term which convened April 10, 1972.
On March 10, 1972, a scire facias was issued returnable the second Monday of April, 1972. This writ was returned by the Sheriff of Chickasaw County “not found” on March 23, 1972. On April 6, 1972, another scire facias was issued returnable the *925 second Monday of April, 1972 (which was April 10), and on April 8, 1972, the sheriff returned the writ “not found.” Final judgment was entered on April 20, 1972.
The question: Were the two not found” returns on the two writs sufficient process to authorize the entry of the final judgment? Mississippi Code 1972 Annotated section 99-5-25 governs the forfeiture of a bail bond, and is as follows:
If a defendant, prosecutor, or witness in any criminal case, proceeding, or matter, fail to comply with the terms of his bond or recognizance, the court may, at any time after default made, enter judgment nisi against the obligor and his sureties in the bond or recognizance, and thereupon a scire facias may issue, returnable to the next term of court, as in other cases. And, upon the return of service of the scire facias or upon the return of two writs of scire facias by the proper officer of the county where the bond or recognizance was entered into “not found,” judgment may be made absolute thereon, unless a sufficient showing to the contrary be made to the court at the time the case is called in its order on the docket.
The statute requires service of the writ (five days before the return day, see Code section 13-3-11), or a “not found” return by the proper officer of the county where the bond was entered of two writs of scire fa-cias before a judgment can be made final. The writ issued on April 6, 1972, was returnable less than five days after issuance. If the second writ had been personally served on the parties, judgment final could not have lawfully been entered during the April, 1972 term because five days’ service is required. Code section 13-3-11 provides that “[I]f executed within five days before the return-day it shall be good to require the appearance of the party at the term next after that to which it is returnable.” It follows that since the second “not found” return is a substitute for personal service, the issuance and “not found” return must be accomplished five days before the return day. The final judgment is void for lack of process. The judgment is reversed and the cause remanded.
Reversed, and remanded.
RODGERS, P. J., and PATTERSON, SMITH, ROBERTSON, SUGG, and WALKER, J J., concur.